SPRINGFIELD ENGINE AND THRESHER COMPANY, *Appellant*, v. DONOVAN *et al.*

Division Two, February 27, 1894.

1. **Deed of Trust**: IRREGULAR SALE: LEGAL TITLE. The fact that a trustee's sale of land foreclosing a deed of trust has not been advertised for three successive weeks, the last insertion to be twenty days before the day of sale, as required by the act of March 27, 1885 (Laws, p. 209), does not prevent the trustee's deed from passing the legal title and the purchaser may maintain ejectment thereon.

2. ———: ———: ———: REDEMPTION. The remedy of the grantor in the deed of trust in such case is to offer to redeem.

| 120 | 423 |
| 125 | 114 |
| 120 | 423 |
| 131 | 580 |
| 63a | 490 |
| 120 | 423 |
| 136 | 439 |
| 120 | 423 |
| 71a | 550 |
| 120 | 423 |
| 142 | 658 |
| 120 | 423 |
| s147 | 624 |
| 120 | 423 |
| 157 | 382 |

*Appeal from Marion Circuit Court.*—HON. T. H. BACON, Judge.

REVERSED AND REMANDED.

*H. J. Drummond* for appellant.

(1) The court erred in excluding the deed of trust of the acting trustee. (2) It is contended by appel-

lant that the court erred in refusing to render a judgment for it, and in giving judgment for respondents, because the proof shows that appellant was a mortgagee, that the condition of the mortgage had been broken, that the debt it was given to secure was past due and unpaid, and as mortgagee appellant was entitled to the possession of the mortgaged premises and entitled to such possession by a suit in ejectment, without regard to the sale by the trustee or its validity. *Walcop v. McKinney*, 10 Mo. 229; *Meyer v. Campbell*, 12 Mo. 603; *Thornton v. Pigg*, 24 Mo. 249; *Sutton v. Mason*, 38 Mo. 120; *Johnson v. Houston*, 47 Mo. 227; *McCormack v. Fitzmorris*, 39 Mo. 25; *Kansas City, etc., v. Maston*, 61 Mo. 435; *In re Life Association*, 96 Mo. 632; *Priest v. St. Louis*, 103 Mo. 657.

*W. R. Anderson* for respondents.

(1) The property not having been advertised for the required time the sale did not pass the legal title. *Snell v. Harrison*, 104 Mo. 158; *Siemers v. Schrader*, 88 Mo. 20; *Stine v. Wilkson*, 10 Mo. 75. (2) The beneficiary in a deed of trust to secure the payment of a debt can not maintain ejectment after condition broken. *Siemers v. Schrader*, 88 Mo. 20.

BURGESS, J.—Action of ejectment for the possession of a piece of ground, one hundred and twenty by one hundred and twenty-three feet, being a part of lot 1 in block 2, Sloan's addition to the city of Palmyra. The petition is in the usual form, and the answer a general denial. It was admitted on the trial, however, that the defendants were in possession of the property at the time of the commencement of the suit.

Plaintiff offered and read in evidence, without objection, a deed of trust on the property in contro-

versy dated June 29, 1886, from defendants to Thomas Cocke, trustee, to secure the payment of $1,650, evidenced by three promissory notes of even date therewith, for $550 each, executed by defendants to plaintiff, and payable on the first days of October, 1886, 1887, and 1888, with 8 per cent. interest per annum. The deed of trust contained among other provisions the following:

"Now, therefore, if the said parties of the first part, or any one of them, shall well and truly pay off and discharge the debts and interest expressed in said notes, and every part thereof, when the same shall become due and payable, according to the true tenor, date and effect of said notes, then this deed shall be void, and the property hereinbefore conveyed shall be released at the cost of the said parties of the first part; but should the said first parties fail or refuse to pay the said debt, or the said interest, or any part thereof, when the same or any part thereof shall become due and payable, according to the true tenor, date and effect of said notes, then the whole shall become due and payable, and this deed shall remain in force; and the said party of the second part, or in case of his absence, death, refusal to act, or disability in any wise, the (then) acting sheriff of Marion county, Missouri, at the request of the legal holder of said notes, may proceed to sell the property hereinbefore described, or any part thereof, at public vendue, to the highest bidder, at the courthouse door, in the city of Palmyra, Marion county, Missouri, for cash, first giving thirty days' public notice of the time, terms and place of sale, and of the property to be sold, by advertisement in some newspaper printed and published in the city of Palmyra and upon such sale shall execute and deliver a deed in fee simple to the property sold to the purchaser or purchasers thereof, and receive the proceeds

of the sale; and any statement of facts or recital by the said trustee, in relation to the nonpayment of the money secured to be paid, the advertisement, sale, receipt of the money, and the execution of the deed to the purchaser, shall be received as *prima facie* evidence of such fact."

The notes were all due and remained unpaid on the twenty-second day of June, 1889, when the sheriff of Marion county, acting instead of the trustee named, he having removed from the state, at the request of plaintiff, who was still the owner and legal holder of said notes, sold the premises to pay them as provided in the deed of trust, and executed to plaintiff a deed of that date duly acknowledged, delivered, and recorded.

This deed was next offered in evidence by the plaintiff, and defendants objected to its introduction as evidence, which objection the court sustained, to which action of the court the plaintiff then and there duly excepted.

The court, before whom the case was tried without a jury, after hearing the evidence, found for defendants, and rendered judgment accordingly. The case is in this court on plaintiff's appeal.

It is urged by plaintiff that the court committed error in excluding the deed from James T. O'Conner, sheriff of Marion county, to it, and in not permitting it to be read in evidence. Under the deed of trust from defendant to Thomas Cocke for the use and benefit of plaintiff, it is expressly provided that in case of his absence, death, refusal to act, or disability, the then acting sheriff of Marion county, Missouri, at the request of the legal holder of the notes, whose payment is secured thereby, may proceed to sell the property therein described and upon such sale shall execute and deliver a deed in fee simple to the property sold, to the purchaser or purchasers thereof, and receive the

proceeds of sale; and any statement of facts or recital by said trustee in relation to the nonpayment of the purchase money, etc., shall be *prima facie* evidence of the fact.

The ground upon which this deed was excluded was that the proof did not show that the property had been advertised by the acting trustee for at least three successive weeks, and that the last insertion was twenty days before the day of sale as required by sections 1 and 2 of an act entitled "an act to regulate sales of real estates under mortgages and deeds of trust, and the manner of giving notice thereof," approved March 27, 1885.

. The objections interposed to the introduction of the deed by the sheriff, as acting trustee, under the decisions of this court in *Thornburg v. Jones*, 36 Mo. 514; *Powers v. Kueckhoff*, 41 Mo. 426; *Eitelgeorge v. Association*, 69 Mo. 52; *Goff v. Roberts*, 72 Mo. 570; *Long v. Long*, 79 Mo. 644; *Siemers v. Schrader*, 88 Mo. 20; *Ohnsorg v. Turner*, 13 Mo. App. 533; 87 Mo. 127, and all of its adjudications prior to the decision in *Schanewerk v. Hoberecht*, 117 Mo. 22, were well taken; but in that case, in an elaborate opinion by BRACE, J., concurred in by all of the members of the court except BARCLAY, J., not voting, those cases were in effect overruled, and it was held that: "A power of sale in a deed of trust in which the legal estate has been conveyed to the trustee to secure a debt due a creditor, is not a mere naked authority, but a power coupled with an interest and is irrevocable by the grantor. 2 Am. Law Reg. (N. S.), 654; 2 Perry on Trusts [4 Ed.], sec. 602*h;* 2 Jones on Mortg. [4 Ed.], sec. 1792. 'The mortgagee in a deed of mortgage and the trustee in a deed of trust take the *legal* title and estate for the purposes of their security. In all cases the legal title is in the trustee under the trust deed, if the deed purports

The State ex rel. v. Stone.

to convey the estate.' 2 Perry on Trusts, sec. 602*i*.''

It was also held that a sale of the property described in the deed of trust by the trustee and a deed by him to the purchaser, in the pursuance of such sale, although irregular, passed the legal title to the grantee therein named, and that the only remedy that the grantor in the deed of trust has is by suit to redeem from such sale. In this case there was no offer to redeem from the sale under the deed of trust, the answer being simply a general denial.

In *Kennedy v. Siemers, ante,* p. 73, the *Schanewerk case* was followed and approved. In the last named case the sale by the trustee under the deed of trust was only advertised for nineteen days, while the deed of trust provided that the sale should be advertised for twenty days, and it was held that notwithstanding the failure of the trustee to advertise the sale of the property for twenty days before the day of sale, that the legal title passed by the trustee's deed under the sale to the purchaser.

It must follow from the rule anounced in the last two cases cited, that the deed by the acting trustee to the plaintiff for the property, although the sale by him was not advertised according to law, passed the legal title to plaintiff, and that the court committed error in excluding it. The judgment will be reversed and the cause remanded. It is so ordered. All of this division concur.