BIFFLE v. PULLAM *et al.*, *Plaintiffs in Error.*

Division One, November 26, 1894.

1. **Ejectment:** TRUST SALE: REDEMPTION. Where the purchaser of land at a sheriff's sale under a deed of trust brings ejectment and the answer of the defendant grantor in the deed of trust is a general denial without an offer to redeem, it is no defense that the sale was made at the request of such purchaser who was not the legal holder of the note, as required by the terms of the trust deed.

2. ———: ———: ———.  The defendant in such case, as a defense, could have offered to redeem, and, upon performance, his possession would have been protected and his title reinvested, but, failing to do so, the only issue was the legal title which passed by the sheriff's deed.

*Error to Bollinger Circuit Court.*—HON. JAMES D. FOX, Judge.

AFFIRMED.

*Moses Whybark* for plaintiffs in error.

(1) The administrators were not authorized by law to sell and assign the note to the plaintiff, and he could not, and did not, acquire any title, legal or otherwise, to it, which would sanction a sale under the deed of trust by the trustee or the sheriff. R. S. 1889, sec. 209; *Stagg v. Linenfelser*, 59 Mo. 336; *Chandler v. Stephenson*, 68 Mo. 450; *Weil v. Jones*, 70 Mo. 560; *State ex rel. v. Berning*, 74 Mo. 95; *Cogwill v. Linvill*, 20 Mo. App. 138; *Boeger v. Langenberg*, 42 Mo. App. 7.   (2) The plaintiff, not being the legal holder of the note, the power to sell could not be executed at his request by the trustee, nor by the sheriff in case of the trustee's death, absence or refusal to act.  Whatever rights, if any, the purchaser acquired, must be enforced by a court of equity and not in a summary manner under the power contained in the deed of trust. *Honaker v. Shough*, 55 Mo. 472; *Jones v. Mack*, 53 Mo. 147; *Wolff v. Walter*, 56 Mo. 292; *Anglade v. St. Avit*, 67 Mo. 434; *Wilcoxen v. Osborn*, 77 Mo. 621.   (3) The power in the sheriff to act was derived from the deed of trust, and, if it had been extinguished, he could not execute it. *Hindman v. Piper*, 50 Mo. 292.   (4) Whoever buys under a power, buys at his peril, and takes nothing by his purchase, if the power does not exist.  *McClure v. Logan*, 59 Mo. 234.   (5) The sale in this case was void,

and void sales are open to collateral attack, and the evidence offered by defendants should have been admitted. *Wilcoxen v. Osborn*, 77 Mo. 621; *McClure v. Logan*, 59 Mo. 234; *Huff v. Morton*, 83 Mo. 399; *Huber v. Pickler*, 94 Mo. 382; *Durette v. McPike*, 47 Mo. 356; *Goff v. Roberts*, 72 Mo. 570; *Schanewerk v. Hoberecht*, 117 Mo. 22, and cases cited. (6) In ejectment the plaintiff can not recover on the weakness of the defendant's title, but must recover on the strength of his own title, and that title must be a legal title. The facts sought to be proved by defendants were admissible under the general denial. *Huber v. Pickler*, 94 Mo. 382; *Nelson v. Brodhack*, 44 Mo. 596; *Bledsoe v. Simms*, 53 Mo. 305; *Goff v. Roberts*, 72 Mo. 570; *Greenway v. James*, 34 Mo. 326; *Northrup v. Ins. Co.*, 47 Mo. 435.

*W. K. Chandler* and *W. H. Miller* for defendants in error.

(1) The introduction in evidence of the deed of trust from Pullam to Bollinger was unnecessary for the reason that the statute makes a trustee's deed *prima facie* evidence of all its recitals. But such error was entirely harmless. R. S. 1889, sec. 7103; *Wilson v. Schoenlaub*, 99 Mo. 96. (2) The happening of either of the contingencies named in the deed of trust, *i. e.*, absence of trustee, death of trustee, or refusal to act by trustee, authorized the sheriff to execute the powers by the deed conferred. *Hickman v. Dill*, 32 Mo. App. 509. (3) The trustee's deed being *prima facie* evidence of the truth of its recitals the burden is cast upon defendants. (4) Biffle, at least, got the equitable title to this note and deed of trust and we insist the legal title. Defendants concede the equitable title and say plaintiff ought to have gone into a court of equity to enforce his claim. The result would have been the

same, a sale of this land.    Defendants are "more par-
ticular than just."    *Cruchon v. Brown*, 57 Mo. 38.
(5) Defendants in error do not ask to be allowed to
redeem; they tender no money but stand upon a pure
and untenable technicality.    The right to redeem is all
he could, under any circumstances, have.    *Schanewerk
v. Hoberecht*, 117 Mo. 22; *Stewart v. Brown*, 112 Mo.
171; *Stallings v. Thomas*, 18 S. W. Rep. 184.    (6)
The case at bar is very unlike that of *Magee v. Burch*,
decided by this court at its February term, 1892, (18
S. W. Rep. 1078) when the trustee deed was declared
*void* for the reason that the party ordering the sale did
not *own* the note secured by the deed of trust.    In
case at bar the party ordering the foreclosure was the
owner of the note.    (7) If plaintiff in error had a
defense of any kind or character it was an eqitable one,
and in such case it was necessary for them to plead
their equities.    This they did not do but rested quietly
on a general denial.    The testimony was not compe-
tent under the pleading.    A sale under defective fore-
closure proceedings carries with it the equitable title.
Hence the above, and if such was the case the deed
was not open to collateral attack.    *Wilcoxen v. Osborn*,
77 Mo. 622; *Jackson v. Cunningham*, 28 Mo. App. 354;
*Jones v. Mack*, 53 Mo. 147; *Honaker v. Shough*, 55 Mo.
472.    As to pleading, see *Northrup v. Ins. Co.*, 47 Mo.
444; *Hudson v. Railroad*, 101 Mo. 13.

BRACE, J.—This action is ejectment for one hun-
dred and twenty acres of land in Bollinger county.
The answer was a general denial.    The case was tried
by the court without a jury.    The plaintiff had judg-
ment below and the defendant appeals.

On the third day of August, 1887, the defendant,
D. J. Pullam, by deed of trust in common form, duly
executed, acknowledged and recorded, conveyed the

premises to one Robert F. Statler in trust to secure the payment to John Bollinger, Jr., of a negotiable promissory note for $200, and interest at maturity, said note being dated August 3, 1887, and payable twelve months after date; and in case of default, it was therein provided that said trustee, or, "in case of his absence, death, refusal to act or disability in any wise, the then acting sheriff of Bollinger county, Missouri, at the request of the legal holder of said note, may proceed to sell the property hereinbefore described, or any part thereof, at public vendue to the highest bidder at the courthouse door in the town of Marble Hill, Bollinger county, Missouri, for cash, first giving thirty days public notice of the time, terms and place of sale, and of the property to be sold, by advertisement in some newspaper printed and published in the county of Bollinger and upon such sale shall execute and deliver a deed in fee simple to the property sold to the purchaser or purchasers thereof, and receive the proceeds of said sale and any statement of facts or recital by the said trustee in relation to the nonpayment of the money secured to be paid, the advertisement, sale, receipt of the purchase money and the execution of the deed to the purchaser, shall be received as *prima facie* evidence of such facts."

On the trial the defendants admitted possession, D. J. Pullam claiming as owner, the other defendant, George Pullam, as tenant. The plaintiff to show title, introduced the deed of trust in evidence, and a deed in proper form from John Husky, sheriff of said county, dated June 20, 1891, duly executed, acknowledged and recorded, showing by its recitals the refusal of the trustee named in the deed to act, a sale by said sheriff at the requst of the legal holder of the note, in strict compliance with the terms of the deed and the receipt of the purchase money, conveying said premises in

accordance with the power therein contained to the plaintiff.

The defendants to defeat this title offered to prove:

"*a.* That Robert Statler, the trustee in the deed of trust, is alive.

"*b.* That John Bollinger, the party of the third part in said deed of trust, is dead.

"*c.* That Henry A. Heitman, William Bollinger and David Robinson are administrators of the estate of said John Bollinger, deceased, appointed by the probate court of Bollinger county.

"*d.* That the note secured by the deed of trust, under which the sale was made, came into the hands of said administrators as part of the assets of the estate of John Bollinger, deceased, and was inventoried as such.

"*e.* That said administrators, as such, assigned the said note and deed of trust to plaintiff, who thereby acquired it. That he paid them the full amount due on the note, both principal and interest, for it, which amounted to $310.67, and in consideration of which sum they assigned it to plaintiff.

"*f.* That such assignment was not made to plaintiff in discharge of any claim due him by said estate, either as creditor, legatee, distributee or otherwise.

"*g.* That the advertisement and sale under deed of trust by the sheriff, under which plaintiff claims title, was made after the assignment of said note and deed of trust to him, by said administrators, and made at his (plaintiff's) request as the holder of the note."

To the admission of this evidence the plaintiff objected and the court sustained the objection, and the defendants making no further defense, judgment was rendered for the plaintiff.

The gist of appellant's contention is, that the sale was not made at the request of the legal holder of the

note, because the administrators of Bollinger had no authority to sell and assign the note to the plaintiff, who was the holder, at whose request the sale was made. Conceding for the purposes of this case, that the plaintiff was not the legal holder of the note, and for that reason the sale would be void as to the defendant, the effect would be that his equity of redemption was not foreclosed, and notwithstanding the sale he could have proceeded in equity to redeem, or in this case could have set up that right as a defense with an offer to redeem, upon the performance of which his possession would have been protected, and his title reinvested. But he did not see proper to do so. His answer was simply a general denial. The legal title to the premises was the only issue, and that title passed by the deed. *Schanewerk v. Hoberecht*, 117 Mo. 22; *Lanier v. McIntosh*, 117 Mo. 508; *Kennedy v. Siemers*, 120 Mo. 73; *Springfield, etc., Co. v. Donovan*, 120 Mo. 423.

Consequently the court committed no error in refusing to admit the evidence offered, and in holding that those facts constituted no defense to this action. The judgment is affirmed.