Burgess, J.
This is an action, by the beneficiary and purchaser under a second deed of trust, to redeem from a prior sale under a former deed of trust, on the *61 ground of alleged insufficiency in the description of the property, a town lot in Howard’s second addition to the town of Lee’s Summit in Jackson county, Missouri. The bank of Lee’s Summit, the beneficiary in the first deed of trust, and White, the purchaser at the trustee’s sale under that deed of trust, were made defendants. The court found in favor of the bank and against the defendant White, allowing plaintiff to redeem the property on payment to him of the sum of $436.76, within thirty days after the date of the decree, that sum including the debt and interest, sums paid for insuring and repairing the property, and for taxes, less amount of rents received. White appealed.
The property was described in the notice of sale as lot number 6, in block 2, of William B. Howard’s addition to the town of Lee’s Summit. Howard has laid off and platted three additions to the town, viz.: W. B. Howard’s addition to the town of Strother (the old name of the town); W. B. Howard’s second addition to the town of Lee’s Summit, and W. B. Howard’s third addition to the town of Lee’s Summit. The lot in question is in the second addition, which is the only one that contains a lot 6, block 2. The addition to the town of Strother contains no blocks at all, and the third addition begins with block 12.
There is no allegation in the petition that plaintiff was in any manner deceived or misled by the notice, or that the property by reason thereof did not bring its value, or want of good faith and fairness upon the part of the trustee; therefore, the salient question for the consideration of this court is as to the validity of the notice of sale. If the notice was void in that it did not correctly describe the property to be sold then it must needs be that the sale by the trustee was also void, and White acquired no title by his purchase.
*62 Sec. 7093, R. S. 1889, with respect to notices of sales under mortgages and deeds of trust, provides that: “Such notice shall set forth the date and book and page of the record of such mortgage or deed of trust, the grantors, the time, terms and place of sale, and a description of the property to le sold” etc. As the statute provides that a description of the property to be sold must be given, its requirements must be observed, and the description .given be with reasonable clearness and certainty. As was said in Powers v. Kueckhoff, 41 Mo. 426. “The greatest impartiality and good faith are required of trustees, and, as they are invested with the extraordinary power of transferring one man’s property to another, they must pursue their authority with precision to render their acts valid. The notice given by them should contain such facts as reasonably to apprise the public of the place, time and terms of sale,, and the property to be sold. But mere omissions and inaccuracies in these respects, not calculated to mislead, and working no prejudice, will not be regarded.”
The notice recited that the property would be sold under a deed of trust executed by Annie M., and Clarence B. Given, and then described the property as lot 6 in block number 2 of William B. Howard’s addition to the city of Lee’s Summit as the same is marked and designated upon the recorded plat of said addition filed in the recorder’s office within and for the aforesaid county of Jackson. The notice of sale not only described the lot as being in Howard’s addition but reference was made therein to the plat, an examination of which would have shown that it is located in Howard’s second addition, which is the only one that contains a lot numbered 6 in block 2; that Howard’s addition to the town of Strother contains no blocks, and that his third addition begins with block *63 12. It would clearly have appeared from the recorded plat that the lot was in Howard’s' second addition. Briggs v. Munchon, 56 Mo. 467.
It would seem that the notice given was sufficient to apprise all persons interested in the lot that it was the one to be sold, and to enable those desiring to purchase the same to locate it without difficulty. The description of the lot was sufficiently certain to inform the public of the property to be sold, and that was all the law requires. Newman v. Jackson, 12 Wheat. 570. It has been said: “As a general rule, however, omissions or inaccuracies not calculated to mislead or to work injury are to be disregarded.” Schoch v. Birdsall, 48 Minn. 441,. See, also, Stephenson v. January, 49 Mo. 466. There is no pretense that plaintiff was misled by the failure of the notice to describe the property as being in the second addition, or that he ever in fact saw the notice, and it would be contrary to sound reason to say that he was deceived or misled, by an advertisement that he never saw, or to which his attention had never been called.
The case of Wolff v. Ward, 104 Mo. 127, is relied upon by plaintiff as holding to a different rule from that herein announced, but that case is clearly distinguishable from the one in judgment. The question in that case was with respect to the publication of the notice of sale, which was published for the first time on the first day of May, 1887, and the day set for the sale was Monday, May 22, 1887. The notice was inserted in the paper in this form the second and third days of May. Then the discovery was made that the twenty-second day of May fell on Sunday, and the notice was changed so as to read Monday, May 23, 1887, as the day fixed for the sale; and it was held that, as the deed of trust provided that the notice of sale should be published twenty days before the day of *64 sale, and as it was only published for nineteen days, the sale was invalid, because the trustee had no power to sell, otherwise than as provided by the deed of trust. No such question is involved in this case, the question here being as to the sufficiency of the description of the property in the notice of sale, and our conclusion is that it was in substantial compliance with both the statute and deed of trust under which it was sold.
From what has been said, it becomes unnecessary to pass upon other questions raised by .defendant. The judgment is reversed.
All of this division concur.