## AUGUSTA E. HASSLER, Appellant, v. MERCANTILE BANK OF LOUISIANA.

Division One, March 30, 1916.

1. **DEED OF TRUST: Validity of Foreclosure Sale: Failure to Name Grantor in Notice.** The omission from the notice of sale under a deed of trust of the name of one of two grantors, all other requirements being met, the grantor whose name was omitted having previously parted with his equity, the representative of the owner of the entire equity being present at the sale, a fair price being obtained for the property, and the balance of the secured note afterwards being paid, so that the grantor whose name was omitted from the notice is no longer liable directly or indirectly for any sum by reason of his signature on the note secured, does not render the sale void, in spite of the statute (Sec. 2843, R. S. 1909) which requires that "such notice shall set forth . . . the grantors."

2. ————: ————: **Proof of Time of Publication.** Where the recitals in the trustee's deed show a compliance with the statutory requirements and are not contradicted, further proof of the time during which the notice of sale was published is not necessary.

Appeal from Louisiana Court of Common Pleas.—
*Hon. B. H. Dyer*, Judge.

AFFIRMED.

*John W. Matson* for appellant.

(1) The deed of trust, and the note that it secured was given by M. J. Hassler and S. C. Hassler, and under the laws the interest of either of them could have been sold, or, either could have been sued without joining the other one. The failure of the trustee in his notice of sale and his trustee's deed to mention the name of S. C. Hassler shows failure to foreclose and convey that interest. Secs. 2842, 2843, R. S. 1909; Chamberlain v. Trammell, 131 S. W. 227; Fisher v. Simon, 95 Tex. 234; 28 Am. & Eng. Ency. Law (2 Ed.), p. 789; Youker v. Treadwell, 4 N. Y. Supp. 674; Reside v. Peter, 33 Md. 120; 9 Ency. Pl. & Prac., p. 166; Thomas v. Loan Co., 79 N. Y. 54; Morgan v. Joy, 121 Mo. 677; Freeman v. Moffitt, 119 Mo. 280. (2) A sale upon foreclosure by advertisement has been held a nullity as to the owner of the premises not notified. St. John v. Bumpsted, 17 Barb. (N. Y.) 100; Watson v. Spence, 20 Wend. (N. Y.) 260; Van Slyke v. Shelden, 9 Barb. (N. Y.) 278. In the equity court the title of the purchaser will not be recognized as valid unless the terms of the power and statutes have been strictly followed. 28 Am. & Eng. Ency. Law, p. 786, and notes.

*David A. Ball* and *Robert A. May* for respondent.

(1) Is not the plaintiff estopped from setting up any interest, title or claim to this property? She joined in the deed of trust to Tinsley, trustee for the bank. She knew that S. C. Hassler had signed that deed of trust. She knew that S. C. and M. J. Hassler and herself had conveyed all their equity in this property to the Diamond Flour Manufacturing Company; and she

knew that the name of S. C. Hassler had been omitted from the notice of sale of this property under said deed of trust, and she attended the sale by and through her husband and agent, and stood by and said not a word.   Can she now be heard to question the sale under said deed of trust?   Tyler v. Hall, 106 Mo. 313; Brown v. Appleman, 83 Mo. App. 70; Pentz v. Knester, 41 Mo. 447;  Barnett v. Smart, 158 Mo. 167.   (2) S. C. Hassler not only executed the deed of trust, but afterwards conveyed all his equity in said property to the Diamond Flour Manufacturing Co.   So that he had parted with all of his interest and nothing remained for him to convey.   So his deed to plaintiff passed no title or interest in the property to plaintiff.   (3) The principal object in publishing notice of sale, is not so much to notify the grantor or mortgagor, as it is to inform the public generally, so that bidders may be present at the sale and a fair price obtained.   28 Am. & Eng. Ency. Law, 790;  De Jarnette v. De Giverville, 56 Mo. 440. Accordingly, the notice should contain such facts as are reasonably sufficient to apprise the public of the nature of the property to be sold, and of the time, place and terms of sale.   28 Am. & Eng. Ency. Law, 791; Powers v. Vienckhoff, 41 Mo. 425; Stephenson v. January, 49 Mo. 465.   (4) The notice of sale should, ordinarily, contain the name of the grantor but the omission may perhaps be cured by reference to the book and page where the instrument is recorded.   28 Am. & Eng. Ency. 792; Baker v. Cunningham, 162 Mo. 134; Morgan v. Joy, 121 Mo. 677.   (5) Even if the trustee's notice of sale were defective, it would be of no avail to plaintiff, unless by petition she had offered to redeem by paying the amount due on the note secured by the deed of trust.   Schoenwerk v. Hoberecht, 117 Mo. 22; Kennedy v. Siemers, 120 Mo. 73; Springfield v. Donovan, 120 Mo. 423.   (6) The grantor, S. C. Hassler, in the deed of trust, was not injured by the sale, because

he had parted with all interest he had left to the Diamond Flour Manufacturing Co. Appellant knew this and she knew that all the stock, books, etc., had been turned over to the bank, so she is not hurt nor was she in the least deceived or defrauded by the sale. Ohnsorg v. Turner, 13 Mo. App. 541. The trustee in a deed of trust given upon land to secure a debt takes the title. McNutt v. Life Ins. Co., 181 Mo. 94. A purchaser at a void foreclosure sale will, nevertheless, hold under color of title and may, in suit in ejectment brought against him, set up the forfeited mortgage to protect his possession against all except the mortgagee and those claiming under him on a regular foreclosure sale. Jackson v. Magruder, 51 Mo. 55; Russell v. Whitely, 59 Mo. 196; Johnson v. Houston, 47 Mo. 227; Wheeler v. Drake, 129 Mo. App. 547. (7) It follows that the deed by the acting trustee, although the sale was not advertised according to law, passed the title to plaintiff. Springfield v. Donovan, 120 Mo. 423; Kennedy v. Siemers, 120 Mo. 73; Fowler v. Carr, 63 Mo. App. 486; Biffle v. Pullman, 125 Mo. 108.

BLAIR, J.—This is an appeal from a judgment for defendant in an action in ejectment, instituted in the Louisiana Court of Common Pleas. In the view we take of the case it is unnecessary to state all the facts in detail, since plaintiff's case depends upon the question whether a sale under a trust deed was valid or invalid.

Plaintiff's husband, M. J. Hassler, and his brother, S. C. Hassler, formerly owned the land in suit and executed a deed of trust thereon to secure a $5,000 note they gave to defendant. In this trust deed plaintiff joined with her husband. Subsequently the equity in the property was conveyed to a corporation whose capital stock was almost all owned by plaintiff. A few shares were in her husband's name and he was presi-

dent of the concern and plaintiff was its secretary. De-
fault in the payment of the $5000 note was followed
by the advertisement and sale of the property in suit
under the trust deed,. and at this sale one McCune
bought and later conveyed the property to defendant.
Plaintiff's husband and agent, M. J. Hassler, president
of the corporation owning the equity, attended the sale.
S. C. Hassler, one of the signatories of the trust deed
but who had conveyed his interest in the equity to the
corporation mentioned, is not shown to have been pres-
ent at the sale. The amount bid by McCune was the
full and fair value of the property sold, and this sum
was credited on the note secured, leaving an unpaid
balance of several hundred dollars. By a subsequent
transfer of other property and all the stock of the cor-
poration mentioned, its books and papers, and certain
personal property, this unpaid balance was extin-
guished and the note fully paid. Subsequently certain
sales of the property in suit were made under judg-
ments against the corporation obtained in actions be-
gun about the time of the transfer of the corporate
stock to defendant, service being had.upon M. J. Hass-
ler as president of the corporation. One of these
judgments was upon a claim by plaintiff for an alleged
dividend declared some years previously. M. J.
Hassler furnished the data for the institution of this
suit and then.was served as president of the defend-
ant corporation. The other judgment is also subject
to some suspicion. The title acquired under these sales
is of no value unless the trustee's sale is void.

Plaintiff contends the trustee's sale was and is a
nullity because the name of S. C. Hassler, one of the
grantors in the deed of trust, was omitted from the no-
tice. Section 2843, Revised Statutes 1909, requires
that: "Such notice shall set forth the date and book
and page of the record of such mortgage or deed of

267 Mo. 24

trust, *the grantors*, the time, terms and place of sale, and a description of the property to be sold, and shall be given by advertisement, inserted . . ." etc.

The question is whether under the section the omission from the notice of sale of the name of one of two grantors renders void the sale, all other requirements being met, the person whose name has been omitted having parted with his equity and the representative of the owner of the entire equity being present at the sale, a full and fair price being obtained for the property, and the balance of the secured note afterward being paid so that the person whose name was omitted from the notice is no longer liable directly or indirectly for any sum by reason of his signature on the note secured.

We have no hesitancy in saying the omission of S. C. Hassler's name from the notice in the circumstances in no way affects the validity of the trustee's sale and the full title passed thereby to McCune and by his deed now resides in defendant.

The principle necessitating this conclusion was substantially approved in Trust Co. v. Ellis, 258 Mo. l. c. 708 et seq. In that case the trustee's notice of sale omitted to give the book and page of the record of the trust deed, and this court held the facts of the case failed to show loss or injury on account of the omission and declared the sale valid.

In this case the owner of the equity, the corporation, was represented at the sale by its president; the public was advised sufficiently, since the book and page of the record was given and a reference thereto disclosed the deed of trust; full value was bid and paid for the property. S. C. Hassler no longer owned the equity and was in no wise injured by the sale, since he had no equity to protect, and since also the subsequent payment of the balance due on the notes entirely extinguished his obligation. In accordance with the rul-

State ex inf. v. Clardy.

ing in the case cited, we hold the sale valid. We are aware there are decisions in other States rigidly holding trustees to exact compliance with statutes as to notice, but this court has long adhered to the rule announced in the Ellis case and sees no good reason for departing from it.

The trustee's deed is criticised somewhat, but an examination of it discloses it contains language apt to convey the entire title. Neither is there any substance in the suggestion that there should have been further evidence of the time during which the notice was published. The recitals in the trustee's deed showed compliance with the statute and were not contradicted. This was sufficient. [Sec. 2858, R. S. 1909.].

The judgment is affirmed. All concur.