Lloyd E. GRAHAM and Paula Zoller,
Plaintiffs-Respondents,

v.

William L. OLIVER and Ura Claire
Oliver, Defendants-Appellants.

No. 13116.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 17, 1983.

Jack Fleischaker, Roberts, Fleischaker & Scott, Joplin, for defendants-appellants.

E.C. Curtis, Farrington, Curtis, Knauer, Hart & Garrison, Springfield, for plaintiffs-respondents.

MAUS, Presiding Judge.

The plaintiffs and defendants each sought a judgment declaring them to have a superior title to 190 acres described as follows: "The Northwest Quarter (NW¼); the South Half (S½) of the Northwest Quarter (NW¼) of the Southwest Quarter (SW¼) and the Northeast Quarter (NE¼) of the Northwest Quarter (NW¼) of the Southwest Quarter (SW¼) of Section Twenty-four (24), Township Twenty-one (21), Range Twenty-two (22) in Taney County, Missouri." The trial court found the issue of title in favor of the plaintiffs and entered judgment accordingly. The defendants had judgment upon Count II of the petition by which the plaintiffs sought damages for wrongful possession. The defendants appeal the judgment quieting title in the plaintiffs.

The essential facts of the title controversy may be summarily stated. The defendants claim through the foreclosure of a purchase money deed of trust given by Ozarks Paradise Village, Incorporated. That deed of trust covered 314 acres, which included the above described 190 acres. By inadvertence, the description of "the property to be sold" in the published notice of the foreclosure sale prescribed by § 443.320 and required by the terms of the deed of trust omitted that 190 acres. In crying the sale, the trustee read the notice as published. The holders of the secured note entered the successful bid in the amount of the unpaid balance of the note. The resulting trustee's deed purported to convey in the defendants' chain of title the entire 314 acres described in the deed of trust.

The plaintiffs' chain of title originates through a warranty deed of Ozark Paradise Village, Incorporated, executed after the foreclosure mentioned above. That warranty deed described the 190 acres omitted from the published notice of the foreclosure sale. The instruments involved were recorded in such a manner that priority by reason of recording is not an issue in the case. Simply stated, the question is whether or not the trustee's deed in foreclosure describing the 314-acre tract conveyed title to the 190-acre tract, the description of which was omitted from the publication of the notice of sale.

The appellant's argument may be summarized as follows. The holders of the note had a right to foreclose the deed of trust. The omission in the description in the notice of sale is only an irregularity in procedure. That irregularity does not cause the conveyance of the 190 acres to be void, but only voidable. They then conclude that only the mortgagor can attack that voidable deed in a direct action. To support their basic argument, they primarily rely upon *Peterson v. Kansas City Life Ins. Co.,* 339 Mo. 700, 98 S.W.2d 770 (1936). They also cite cases such as *Abrams v. Lakewood Park Cemetery Ass'n.,* 355 Mo. 313, 196 S.W.2d 278 (1946); *Loeb v. Dowling,* 349 Mo. 674, 162 S.W.2d 875 (1942); *Adams v. Carpenter,* 187 Mo. 613, 86 S.W. 445 (1905); *Wakefield v. Dinger,* 234 Mo.App. 407, 135 S.W.2d 17 (1939).

The validity of a trustee's deed in foreclosure executed pursuant to a power of sale has been the subject of appellate decisions since statehood. Early cases indicated that such deeds would be upheld only upon strict compliance with the terms of the deed of trust. *Powers v. Kueckhoff,* 97 A.D. 281, 41

Mo. 425 (1867); *Siemers v. Schrader,* 88 Mo. 20 (1885); *Ohnsorg v. Turner,* 13 Mo.App. 533 (1883), aff'd. 87 Mo. 127 (1885). However, that requirement was relaxed at an early date. In speaking of such early decisions, it has been declared, "all of its adjudications prior to the decision in *Schanawerk v. Hobrecht,* (Mo.Sup.) [117 Mo. 22] 22 S.W. 949 [ (1893) ] were well taken; but in that case, in an elaborate opinion by Brace, J., concurred in by all of the members of the court except Barclay, J., not voting, those cases were, in effect, overruled . . . ." *Springfield Engine & Thresher Co. v. Donovan,* 120 Mo. 423, 427, 25 S.W. 536, 537 (1894).

The initial decisions obviating strict compliance were based upon the premise that the deed of trust conveyed legal title to the trustee.

> By a recent well-considered decision of this court, rendered in banc, it was held that a sale and conveyance of the mortgaged premises by a mortgagee or trustee acting under a power, though defectively executed, passed the legal estate to the purchaser, subject to the right of redemption. In such case the title passes by a conveyance of the property by one holding the title. *Lanier v. McIntosh,* 117 Mo. 508, 518, 23 S.W. 787, 788–789 (1893).

■ It has since become established that the execution of a deed of trust does not convey legal title but creates a lien. "The nature of the title conveyed under a deed of trust was well set forth in *City of St. Louis v. Koch,* 156 S.W.2d 1, 5[3, 4] (Mo.App.1941): 'A deed of trust in the nature of a mortgage given on land to secure the payment of a debt is held to be "a lien and nothing more." ' " *R.L. Sweet Lumber Company v. E.L. Lane, Inc.,* 513 S.W.2d 365, 368 (Mo. banc 1974), 76 A.L.R.3d 596. It has been said that title remains in the mortgagor "until entry for breach of the condition of the deed of trust." *R.L. Sweet Lumber Company v. E.L. Lane, Inc.,* supra, at p. 369, or "until entry for breach of condition, and then foreclosure under power of sale." *Tipton v. Holt,* 610 S.W.2d 659, 661 (Mo.App.1981). It is now firmly estab-

lished that the exercise of a power of sale is a matter of contract between the mortgagor and mortgagee. "[T]he power to sell under a deed of trust is a matter of contract between the parties on the conditions expressed in the instrument, and does not exist independently of it." *Spires v. Lawless,* 493 S.W.2d 65, 69 (Mo.App.1973). Also see *Federal National Mortgage Ass'n v. Howlett,* 521 S.W.2d 428 (Mo. banc 1975); *Abrams v. Lakewood Park Cemetery Ass'n.,* supra.

■ Nonetheless, the relaxation of the requirement of absolute strict compliance with the terms of the deed of trust has continued to be applied under the lien theory. The applicable rule is now generally stated as follows.

> The general rule is that if the holder of the mortgage has no right or power to foreclose, then the sale under an attempted foreclosure is void and no title is conveyed, but if the holder does have the right to foreclose, and if there is legitimate attempt to foreclose by a trustee acting within the apparent scope of authority, then the sale is not void and legal title passes even though the power of sale may have been improperly exercised. Even though the proceedings were defective and irregular, the trustee's deed conveys legal title and (we prefer to limit this to a generality) the mortgagor can take advantage of the irregularity only by appealing to a court of equity. *Hrovat v. Bingham,* 341 S.W.2d 365, 368–369 (Mo.App.1960).

Also see *Kennon v. Camp,* 353 S.W.2d 693 (Mo.1962); *Abrams v. Lakewood Park Cemetery Ass'n.,* supra.

■ The rule so stated clearly recognizes the invalidity of a foreclosure when a circumstance denies the mortgagee the right to cause the power of sale to be exercised, even though the prescribed procedure is perfectly followed. Such invalidity has been recognized in the following circumstances. When the person causing the foreclosure does not hold title to the secured note. *Cobe v. Lovan,* 193 Mo. 235, 92 S.W. 93 (1906). When there is no default in the

conditions of the deed of trust at the time of the first publication of the notice of sale. *Spires v. Lawless,* supra. When the secured note has been paid. *Jackson v. Johnson,* 248 Mo. 680, 154 S.W. 759 (1912). But see *Adams v. Carpenter,* supra. A slightly different, but similar, circumstance exists when the deed of trust authorizes sale upon the request of the holder of the secured note and there has been no such request. *Lustenberger v. Hutchinson,* 343 Mo. 51, 119 S.W.2d 921 (1938); *St. Louis Mut. Life Ins. Co. v. Walter,* 329 Mo. 715, 46 S.W.2d 166 (1932). A different result has been reached when the deed of trust did not require such a request. *Petring v. Kuhs,* 350 Mo. 1197, 171 S.W.2d 635 (1943). When the mortgagee has no right to foreclose, as that phrase is used in the above rule, it is generally said "the foreclosure itself is wrongful because no right to sell exists, then such a sale is wholly void and the mortgagee can acquire no title under it." *Kennon v. Camp,* supra, at p. 696. Also see *Jackson v. Johnson,* supra; *Cobe v. Lovan,* supra.

When the mortgagee does have the right to foreclose, the recognition to be accorded an irregularity in the exercise of the power of sale is, of course, dependent upon the nature of the irregularity. Many irregularities are held to be so lacking in significance that they do not impair the validity of a trustee's deed. The following are examples of such irregularities. The omission of the book and page in the notice of sale. *Commerce Trust Co. v. Ellis,* 258 Mo. 702, 167 S.W. 974 (1914). The omission of the name of one mortgagor. *Hassler v. Mercantile Bank of Louisiana, Mo.,* 267 Mo. 365, 184 S.W. 978 (1916). An incorrect designation of the book and page resulting from the recorder rearranging his records. *Powell v. Pinkley,* 180 S.W.2d 745 (Mo.1944). Misstatement of the book and page in one publication. *Speer v. Graham,* 199 S.W. 139 (Mo.1917). The fact a sale was conducted immediately inside of instead of outside a designated courthouse door. *Hrovat v. Bingham,* supra. The absence of the actual signature of the trustee on the original notice of sale. *Hrovat v. Bingham,* supra. In speaking of the notice of sale, it has been

said, "[m]ere inaccuracies in dates, therefore, or of references to where the deed of trust is recorded, are not of such a nature as to mislead any one and will not affect the validity of the proceeding." *Swearengin v. Swearengin,* 202 S.W. 556, 558 (Mo. 1918).

■ An irregularity, to be accorded recognition in determining the validity of a trustee's deed, has been defined as follows. "An irregularity in the execution of a foreclosure sale must be substantial or result in a probable unfairness to suffice as a reason for setting aside a voidable trustee's deed." *Kennon v. Camp,* supra, at p. 695. Also see *Fancher v. Prock,* 337 Mo. 1119, 88 S.W.2d 179 (1935). The following irregularities have been recognized under those principles. A description adequate to convey legal title, but confusing to the reader. *Fancher v. Prock,* supra; *Noland v. White,* 129 Mo. 57, 31 S.W. 341 (1895). The publication of the notice of sale for periods somewhat less than the prescribed time. *Kennon v. Camp,* supra; *Hoffman v. Bigham,* 324 Mo. 516, 24 S.W.2d 125 (1930); *Speer v. Graham,* 199 S.W. 139 (Mo.1917). A sale at the east front door instead of the west front door as prescribed by the deed of trust. *Wakefield v. Dinger,* supra. The omission of the year in the published notice of sale. *Adams v. Boyd,* 332 Mo. 484, 58 S.W.2d 704 (1933). The sale of a cemetery. *Abrams v. Lakewood Park Cemetery Ass'n.,* supra. A purchase by a trustee. *Loeb v. Dowling,* supra. A sale by an acting trustee when the named trustee has not refused to act. *Adams v. Carpenter,* supra.

■ However, there are some procedural requirements so fundamental to a foreclosure sale that failure to observe them must be held to cause a sale and a resulting trustee's deed to be void. "The purpose of a notice of this character is to apprise the public of the time, terms, place of sale and *the property to be sold."* *Swearengin v. Swearengin,* supra, at p. 558. (Emphasis added). Also see 59 C.J.S., Mortgages, § 563, p. 929 (1949). It is obvious the failure to publish any notice of sale would

totally defeat that purpose. Whether or not such a failure is construed as denying the mortgagee the right to foreclose, or to constitute less than a legitimate attempt to foreclose is a matter of semantics. The complete failure to describe or in any manner indicate the 190 acres would be sold was tantamount to failure to publish a notice of sale so far as that 190 acres is concerned.

No case in this state has been cited or found in which the question in this case has been directly decided. Several cases in dictum have recognized the effect of such a failure to describe property purportedly conveyed. "If the notice was void, in that it did not correctly describe the property to be sold, then it must need be that the sale by the trustee was also void, and White acquired no title by his purchase." *Noland v. White,* supra, 129 Mo. at p. 59, 31 S.W. at p. 342. "It is conceded that the first sale attempted by the mortgagee, in failing to describe the land, either in the advertisement or deed, did not pass to the purchaser the legal title to the property sold." *Lanier v. McIntosh,* supra, 117 Mo. at p. 516, 23 S.W. 787. Also see *Bearden v. Hodge,* 273 S.W.2d 207 (Mo. banc 1954); *Talley v. Schlatitz,* 180 Mo. 231, 79 S.W. 162 (1904). Compare *Hancock v. Pyle,* 191 Miss. 546, 3 So.2d 851, 853 (1941) in which the court said: "We are of the opinion that the foreclosure was void because the advertisement of the sale incorrectly described the exception of 10½ acres."

■ This sale must be distinguished from a sale based upon a description in the notice of sale sufficient to convey legal title and which, by reference, clearly indicates a purpose to sell the entire tract described in the deed of trust. *Fancher v. Prock,* supra. It is more comparable to the notice and trustee's deed in *Bearden v. Hodge,* supra, which contained no reference to property omitted from the description. In that case, in speaking of the property described in the notice and trustee's deed, the court said, "[w]e must and do hold that all other property was excluded." *Bearden v. Hodge,* supra, at p. 211. The trustee's purported conveyance of the omitted 190 acres was a nullity. The judgment of the trial court is affirmed.

HOGAN and PREWITT, JJ., concur.