Joye WINTERS, Plaintiff–Respondent,

v.

Homer WINTERS and Wellma Winters, Defendants–Appellants,

and

Harold Dean Steed, Floyd Steed and Harold Steed, Co-personal Representatives of the Estate of Earl H. Steed, and Raymond Winters, Defendants.

No. 17348.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 6, 1991.

Gregory Stremel, Neosho, for defendants-appellants.

Russell Ward, Joplin, Douglas Crandall, Carthage, Jim Paul, Neosho, for plaintiff-respondent.

PARRISH, Judge.

This is an appeal from a judgment quieting title to certain real estate in Newton County, Missouri. The trial court found title vested in Raymond A. Winters and Joye Winters, his wife, subject to a certain deed of trust. The trial court further declared that a purported trustee's deed, pursuant to which appellants claimed title, was null and void. This court affirms.

Raymond Winters and Joye Winters were grantees in a warranty deed that conveyed the real estate in question. The warranty deed was dated June 15, 1981. It was recorded in the deed records of Newton County June 16, 1981. The grantor was Earl Steed. The Winters purchased the real estate from Earl Steed for a price of $240,000. Part of that purchase price was represented by the Winters' promissory note payable to the order of Earl Steed. It was in the face amount of $180,000. Its payment was secured by a deed of trust that encumbered the real estate that the Winters acquired. The trustee that was named in the deed of trust was A.R. Motley. The terms of the deed of trust included the following provision with respect to appointment of a successor trustee in the event of death, inability or refusal to act by the trustee:

> [W]hen any advertisement and sale are to be made hereunder, the then legal holder of this deed of trust and the note or notes herein described may, by an instrument in writing executed and recorded according to law appoint some

person who is a citizen and resident of the State of Missouri, to serve as trustee in his place and stead (who shall thereupon for the purposes of that advertisement and sale succeed to the second party's title to said real estate and the trust herein created respecting the same), shall at the request of the holder of such indebtedness or any part thereof, ... and any and every part thereof, at public vendue, to the highest bidder at the East Front Door of the Circuit Court House at Neosho, in Newton County, Missouri aforesaid, for cash, first giving twenty days public notice of the time, terms, and place of sale, and of the property to be sold, by advertisement in some newspaper printed and published in Newton County, Missouri.

Raymond Winters and Joye Winters lived on the real estate in question. They operated a mobile home park, Winterhaven Mobile Estates, on the premises. In June 1988, Raymond Winters and Joye Winters separated. In September 1988, Raymond Winters arranged for other persons to manage the mobile home park. Thereafter, Joye Winters no longer participated in the management of the business. She collected none of the rents and profits from the business nor did she make any of the payments required by the terms of the promissory note that was given as part of the purchase price for the real estate. She had no knowledge that the payments required by the promissory note were not being made by her husband and were in default until she received a notice of trustee's sale during "the first part of July."

Earl H. Steed died prior to July 1989. The personal representatives of his estate were Harold Dean Steed, Sr., Floyd Steed and Harold Steed. The personal representatives of the estate contacted an attorney, James Paul, regarding the collection of the promissory note of the Winters. Mr. Paul contacted A.R. Motley, the named trustee in the deed of trust that secured payment of the promissory note, by telephone sometime before June 28, 1989. Mr. Paul was asked the following questions and gave the following answers at the trial of this case.

Q. ... what did you ask him or tell him in your call?

A. My conversation, I informed him that he was a named trustee on a Deed of Trust that we held at our office that was in default, and that we were in the process of foreclosing on. I informed him that he was a named trustee, and inquired of him whether he wanted to serve as the named trustee, or whether he preferred to resign.

Q. As a result of that conversation, what did you do?

A. I prepared the Resignation of Trustee that was previously identified, and forwarded it to Mr. Motley for his signature.

Q. And subsequently received it back, signed, in the mail?

A. That's correct.

The trial court found, as part of its written findings of fact, "Paul prepared a written resignation as trustee and mailed it to A.R. Motley for his signature. A.R. Motley signed the same on July 5, 1989 and mailed it back to attorney Paul." It further found:

A written appointment of successor trustee, appointing James M. Paul as successor trustee to A.R. Motley was executed by H.D. Steed, Sr. as Co-personal Representative of the estate of Earl H. Steed, deceased, on the 5th day of July, 1989. The said appointment of successor trustee was filed for record in the office of the Recorder of Deed's [sic] in Newton County, Missouri on July 31st, 1989 at 3:50 p.m.

Mr. Paul, acting as successor trustee, caused a first notice of trustee's sale to be published June 28, 1989. The notice designated him as successor trustee. It was published in the Neosho Daily News, a newspaper published regularly in Newton County. The notice was also published July 5, 12, and 19, 1989. It stated that the real estate would be sold on Thursday, July 20, 1989, between the hours of 9:00 a.m. and 5:00 p.m. and, more particularly, at 2:00 p.m. at the east front door of the Circuit Courthouse in Neosho, Missouri.

Mr. Paul conducted the foreclosure sale at the time and date stated in the notice. Seven or eight people, in addition to a representative of Joye Winters, were present. Two bids were received—one by the personal representatives of the Estate of Earl Steed and the other by appellants, Homer J. Winters and Wellma R. Winters, parents of Raymond Winters. Homer J. Winters and Wellma R. Winters were the high bidders. Their bid of $120,000 was accepted.

After paying the balance owed on the promissory note and the expenses of foreclosure, $786 remained from the sale price. The real estate was conveyed by trustee's deed dated July 20, 1989, to Homer J. Winters and Wellma R. Winters. The trustee's deed was recorded in the deed records of Newton County July 31, 1989. A copy of the proof of publication of the Notice of Trustee's Sale and an affidavit of James M. Paul, dated June 26, 1989, were also recorded. The affidavit of Mr. Paul stated that copies of the Notice of Trustee's Sale were mailed to Raymond A. Winters, Greg Stremel, and Mrs. Joye G. Winters. Registered mail return receipts from each of those persons were recorded. *See* § 443.325.[1]

The trial court's written conclusions of law, quoting from *Graham v. Oliver*, 659 S.W.2d 601, 603 (Mo.App.1983), stated:

"It is now firmly established that the exercise of a power of sale is a matter of contract between the mortgagor and mortgagee. The power to sell under a deed of trust is a matter of contract between the parties on the conditions expressed in the instrument, and does not exist independently of it." *Spires v. Lawless*, 493 S.W.2d 65, 69 (Mo.App. 1973). The power of sale exercised here was by James M. Paul, as successor trustee to A.R. Motley. The requirement in the deed of trust was that in case of the death, inability, or refusal to act by the named trustee, *then* the legal holder of the deed of trust and the note may, by an instrument in writing executed and recorded according to law, appoint some person who is a citizen and resident of the State of Missouri, to serve as trustee

in place and instead of the named trustee to sell the secured property, first giving twenty days notice of the time, terms and place of sale. Here, the first notice of trustee's sale was published on June 28, 1989 over the signature of James M. Paul as successor trustee. The written appointment of Mr. Paul as successor trustee was made on July 5, 1989 and filed for record on July 31st at 3:50 p.m., eleven days following the sale by the successor trustee. Even if the late recording of the appointment of a successor trustee should be considered to be procedural only and on such fact alone insufficient to prevent passage of title to the purchasers under the trustee's deed, there still remains the issue of sufficiency of notice of trustee's sale commenced prior to appointment of the successor trustee under conditions expressed in the deed of trust. The deed of trust here required that the appointment of successor trustee be in writing and that it be recorded. The first published notice of trustee's sale took place one week prior to the written appointment of successor trustee.... "Where the authority of a substitute trustee to exercise a power of sale is ... challenged, the burden is on the defendants to show that he succeeded to the powers in strict accordance with the terms of the deed of trust." *Adams v. Boyd*, 58 S.W.2d 704, e.c. [sic] 707 [Mo.1933]. This Court finds that defendants have failed in their burden of proof and that the sale here should be declared void.

Appellants present one point on appeal. They contend that the trial court's determination that the trustee's sale was void because the "written appointment occurred less than twenty days prior to the sale" was in error. Appellants contend that there was "substantial compliance" with the terms of the deed of trust and that "there is no evidence showing the Respondent was prejudiced in any way by the substitution of the Trustee."

Appellants rely primarily upon two cases as support for their appeal, *Smith v. Eq-*

---

**1.** References to statutes are to RSMo 1986 unless otherwise stated.

*uitable Life Assurance Society of U.S.,* 448 S.W.2d 588 (Mo.1970); and *Graham v. Oliver,* 659 S.W.2d 601 (Mo.App.1983). They cite *Graham* for the propositions that "[t]he power to sell under a deed of trust is a matter of contract between the parties on the conditions expressed in the instrument, and does not exist independently of it," and that "[t]he law does not require strict compliance with the Deed of Trust or the statutes."

Appellants rely upon *Smith* for their claim that "[a] late appointment of a successor trustee does not entitle mortgagors to have a trustee's deed to a purchaser at a deed of trust foreclosure sale [set aside] and to redeem from that sale, where the late appointment did not prejudice the mortgagors."

The principles espoused by appellants in their reliance upon *Graham* and *Smith* are sound. The question for resolve, however, is whether those principles are applicable to the facts of this case.

In *Graham,* the discussion centered around the holder of the mortgage, not the validity of the appointment of the trustee. The court, in *Graham,* quoted from *Hrovat v. Bingham,* 341 S.W.2d 365, 368 (Mo.App. 1960), for purposes of reciting the applicable rule regarding the effect of an attempt to foreclose by a holder of a mortgage, as follows:

> The general rule is that if the holder of the mortgage has no right or power to foreclose, then the sale under an attempted foreclosure is void and no title is conveyed, but if the holder does have the right to foreclose, and if there is legitimate attempt to foreclose by a trustee acting within the apparent scope of authority, then the sale is not void and legal title passes even though the power of sale may have been improperly exercised.

659 S.W.2d at 603. This case, however, does not involve a question regarding the right of the holder of the promissory note to foreclose. It involves a question regard-

ing the validity of the appointment of the trustee.

As stated by appellants, *Graham* holds that the exercise of a power of sale contained in a deed of trust is "a matter of contract between the mortgagor and mortgagee." *Id.* In this case, the holder of the promissory note proceeded to foreclose. The original trustee, A.R. Motley, refused to act. He resigned as trustee. The contractual terms of the power of sale in the deed of trust that secured the promissory note prescribed the procedure for appointing a successor trustee. It stated, "[T]he then legal holder of this deed of trust and the note or notes herein described may, *by an instrument in writing executed and recorded* according to law appoint some person who is a citizen and resident of the State of Missouri, to serve as trustee in [the original trustee's] place and stead...." (Emphasis added.) A person so appointed successor trustee was empowered to "thereupon for the purposes of [the advertisement and sale to be made under the terms of the deed of trust] succeed to the [original trustee's] title to said real estate and the trust herein created respecting the same."

By the terms of the deed of trust, before a successor trustee could be appointed and proceed to advertise and conduct a sale of the real estate that secured payment of the promissory note, two things were required. First, a written instrument was required to be executed by the holder of the deed of trust and promissory note appointing the successor trustee. Secondly, the written instrument was required to be recorded. Upon those acts being completed, the successor trustee, by the contractual terms of the deed of trust, was authorized to commence any advertisement and sale necessary "to be made hereunder."

Here, the written instrument which purported to appoint James Paul as successor trustee was executed July 5, 1989. It was recorded in the deed records of Newton County on July 31, 1989. The first publication of the notice of trustee's sale was June 28, 1989.[2] The subsequent publications

---

**2.** Section 443.310 requires "not less than twenty

days' notice" to be given in sales of real estate

were on July 5, 12 and 19, 1989. The publications were made by James Paul, over his signature. The sale was conducted by James Paul on July 20, 1989.

James Paul had not been appointed successor trustee, according to the contractual terms of the power of sale provision in the deed of trust, at the time he gave notice of a trustee's sale nor at the time he conducted that sale. The question that follows is, does this "late appointment" of the successor trustee void the trustee's sale and deed as was held by the trial court.

In *Smith v. Equitable Life Assurance Society of U.S., supra,* notice of trustee's sale pursuant to a power of sale in a deed of trust was published by the trustee named in the deed of trust. Prior to the trustee's sale, the trustee named in the deed of trust was replaced, as permitted by the terms of the deed of trust, by a successor trustee. The successor trustee conducted the trustee's sale in accordance with the notice previously given by the original trustee. In *Smith,* the court held that the successor trustee had the right to conduct the trustee's sale without having to publish notice of that sale in addition to the notice that was published by the original trustee. The court, in *Smith,* pointed out, however, that the case did not "deal with situations in which a substitute or successor trustee gave notice of sale before the date of his appointment." 448 S.W.2d at 593. In discussing cases that did deal with that issue, the court stated, "The courts held that the trustees, under those circumstances, had no power to act or give notices until actually appointed and that conveyances executed as a result of sales based on those defective notices were void." *Id.*

One of the cases that was distinguished in *Smith* is *Equitable Trust Co. v. Fisher,* 106 Ill. 189 (1883). In that case, the deed of trust named H.R. Bond as the successor trustee in case of the death or absence

from the state of the original trustee Edwards, and named A.E. Harmon as the successor trustee in the case Edwards or Bond died or were absent from the state. On July 24, 1880, Harmon began advertising the property for sale; however, Edwards and Bond did not formally decline to act as trustee until August 15, 1880. The papers which appointed Harmon as the successor trustee were executed only ten days before the foreclosure sale. The court determined that if Harmon had not been appointed in the manner mandated by the deed, the sale by him was "absolutely void for want of power." *Id.* at 195.

Similarly, in *Citizens Bank of Edina v. West Quincy Auto Auction, Inc.,* 742 S.W.2d 161, 162 (Mo. banc 1987), the court held that a foreclosure sale conducted pursuant to a power of sale in a deed of trust, but by a person other than the named trustee, was void. There, the trustee's son and law partner conducted the foreclosure sale without the trustee present. The court recognized that the trustee's power of sale is personal and nontransferrable. The court determined that the son "was wholly unauthorized to sell the property." *Id.* at 165. The court held, "The sale conducted by [a person other than the trustee] is void because he had no power to sell the property and such sale passed no title...." *Id.*

The trial court's conclusions of law, quoted earlier in this opinion, included determinations that the exercise of a power of sale in the deed of trust was contractual, that the deed of trust in this case prescribed the manner of appointing a successor trustee who could exercise that power of sale, and that there was no compliance with that procedure prior to the time that James Paul, as successor trustee, undertook to publish notice of the trustee's sale or when that sale was conducted. The trial court concluded that the trustee's sale was void.

under a power of sale contained in a deed of trust. Section 443.320 requires "notice shall be given by advertisement in some weekly newspaper published in [counties in which there are no cities of fifty thousand inhabitants or more] for four successive issues, the last insertion to be not more than one week prior to the day of sale,

or in some daily, triweekly or semiweekly paper published in such county at least once a week for four successive weeks, said notice must appear on the same day of each week, the last insertion to be not more than one week prior to the day of sale,...."

It entered judgment quieting title in Raymond A. Winters and Joye Winters subject to the encumbrance represented by the deed of trust. The grantees in the purported trustee's deed took no interest in the real estate in question. The evidence before the trial court supports its judgment; the judgment is not against the weight of the evidence nor does the judgment erroneously declare or apply the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment is affirmed.

PREWITT, P.J., and CROW, J., concur.