John and Nedra AYERS, Appellants,

v.

Kenneth and Loberta MYERS and
Thomas Munro, Respondents.

No. WD 52232.

Missouri Court of Appeals,
Western District.

Dec. 24, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 28, 1997.

Application to Transfer Denied
March 25, 1997.

Before LOWENSTEIN, P.J., and BERREY and EDWIN H. SMITH, JJ.

### ORDER

Bruce Brandom Brown, Kearney, for appellants.

Jeffrey S. Bay, Kansas City, for respondents.

Before ULRICH, P.J., and
BRECKENRIDGE and HANNA, JJ.

ULRICH, Chief Judge, Presiding Judge.

John and Nedra Ayers appeal the judgment of the trial court quieting title to real estate in Clay County. The trial court found title vested in Kenneth and Loberta Myers. The Ayers raise two points of error on appeal: (1) the trial court erred in sustaining the Myers' motion for judgment at the close of the Ayers' case because the appointment of the successor trustee, Thomas Munro, was invalid and, therefore, the foreclosure sale was void; and (2) the trial court erred in denying the Ayers' motion for partial summary judgment based on the asserted invalid appointment of a successor trustee. The judgment of the trial court is affirmed.

In June of 1986, the Ayers purchased a tract of commercial real estate from the Myers for a price of $160,000. A promissory note payable to the Myers was executed by the Ayers in the amount of $110,000. The note was secured by a deed of trust that encumbered the subject real estate and named Gary Collins as trustee. The Ayers eventually defaulted in the payment of the promissory note.

In April 1992, Mr. Collins resigned as trustee, and in May, the Myers filed an Affidavit for Appointment of Successor Trustee in the Circuit Court of Clay County. In their affidavit, they explained to the court that Mr. Collins had resigned as trustee and suggested that Thomas Munro would be a suitable successor trustee. On May 11, 1992, the court appointed Mr. Munro as successor trustee under the deed of trust with all the rights, powers and authority possessed by the original trustee.

Subsequently, the Myers requested Mr. Munro to initiate foreclosure proceedings. On November 2, 1992, Mr. Munro conducted a foreclosure sale, and Mr. Myers bid on the property. His bid of $126,060.69 was accepted, and the property was conveyed to the Myers by trustee's deed. The Ayers, however, refused to surrender possession of the premises, and the Myers filed an unlawful detainer action seeking possession of the real estate and damages. In May 1993, the Myers obtained a judgment for possession of the property and for damages. The judgment was appealed by the Ayers and affirmed. *Myers v. Ayers,* 876 S.W.2d 652 (Mo.App.1994).

The Ayers then filed their Petition in Action to Determine and Quiet Title challenging the Clay County Circuit Court's appointment of Mr. Munro as successor trustee. They argued that the appointment was invalid and void because it was not in strict compliance with the contractual provisions in the deed of trust. Both parties filed motions for summary judgment which were denied. The matter was tried to the court on August 8, 1995, and judgment was entered in favor of the Myers at the close of plaintiff's evidence. This appeal followed.

## I. Standard of Review

■ In a court-tried case, a motion to dismiss[1] filed at the close of the plaintiff's case is treated as a submission on the merits, requiring the court to determine credibility of the witnesses and to weigh the evidence. *Reece v. Reece,* 890 S.W.2d 706, 709 (Mo.App. 1995); *Temple v. McCaughen & Burr, Inc.,* 839 S.W.2d 322, 325 (Mo.App.1992). Accordingly, a reviewing court views the evidence in the light most favorable to the judgment. *Id.* The judgment of the trial court will be sustained unless it is not supported by substantial evidence, it is against the weight of the evidence or it erroneously declares or applies the law. *Id.*

## II. Validity of Appointment of Successor Trustee

■ As their first point on appeal, the Ayers claim that the trial court erred in sustaining the Myers' motion for judgment at the close of the Ayers' case. They argue that the appointment of the successor trustee, Thomas Munro, was invalid because (1) it was not in strict compliance with the deed of trust that named the sheriff of Clay County as the successor trustee, and (2) the Affidavit for Appointment of Successor Trustee was not properly verified. As a result of the invalid appointment, the Ayers contend that the foreclosure sale and conveyance of title to the Myers was void.

■ The exercise of a power of sale contained in a deed of trust is a matter of contract between the mortgagor and mortgagee. *Winters v. Winters,* 820 S.W.2d 694, 697 (Mo.App.1991)(citing *Graham v. Oliver,* 659 S.W.2d 601, 603 (Mo.App.1983)). Consequently, the contractual terms of a power of sale provision for the appointment of a successor trustee must be strictly followed. *Winters,* 820 S.W.2d at 698. Failure to comply with the terms of a power of sale provision, voids the trustee's sale and deed. *Id.*

Sections 443.330 and 443.340, RSMo 1994, provide authority for the judicial appointment of a successor trustee if the deed of trust fails to include a specific procedure. Section 443.330, RSMo 1994, provides in pertinent part:

If any trustee in any deed of trust to secure payment of a debt or other liability shall ... neglect or refuse or has neglected or has refused to act as such trustee ... any person interested in the debt or other liability secured by such deed of trust, may present his or their affidavit, stating the facts of the case, specifically, to the circuit court of the county in which the property or estate conveyed by such deed of trust, or any part thereof, is situated.

§ 443.330, RSMo 1994. Section 443.340, RSMo 1994, states:

---

1. Both parties refer to the motion filed at the close of the plaintiffs' case as a motion for directed verdict. In a court-tried case, however, a motion for judgment brought by the defendant at the close of the plaintiff's case is designated as a motion to dismiss. *Temple v. McCaughen & Burr, Inc.,* 839 S.W.2d 322, 325 n. 1 (Mo.App. 1992). In a jury-tried case, such motion is called a motion for a directed verdict. *Id.*

If such court shall be satisfied that the facts stated in such affidavit are true, it shall make an order appointing the sheriff, or some other suitable person of the county, trustee to execute such deed of trust, in the place of the original trustees.

§ 443.340, RSMo 1994.

In this case, the contractual terms of the power of sale provision of the deed of trust prescribed the following procedure for appointing a successor trustee:

but if default be made ... then the whole of said Note shall become due and be paid as hereinafter provided, and this deed shall remain in force, and the said party of the second part [Mr. Collins], or in case of his death, inability, refusal to act or absence from Clay County, Missouri, when any advertisement and sale are to be made hereunder, then whoever shall be sheriff of Clay County at the time when any such advertisement and sale are to be made (who shall thereupon for the purpose of that advertisement and sale succeed to the second party's [Mr. Collins'] title to said real estate and the trust herein created respecting the same), may proceed to sell the property hereinbefore described ... and the happening of any of the aforesaid events whereby the sheriff may become successor as herein provided, shall be prima facie evidence of the truth of such statement or recital.

The deed of trust did not address the contingency that the sheriff would refuse to act as trustee.

After the Ayers defaulted in the payment of the promissory note, the Myers proceeded to foreclose. Mr. Collins, the named trustee in the deed of trust, refused to act and resigned as trustee. The sheriff of Clay County, the named successor trustee in the deed of trust, was then notified by the Myers' attorney, and he, also, refused to act without a court order.

Upon the sheriff's refusal to act, the Myers filed their Affidavit for Appointment of Successor Trustee in the Circuit Court of Clay County pursuant to sections 443.330 and 443.340, RSMo 1994. In the affidavit, the Myers explained that Mr. Collins had resigned as original trustee, and they request-ed the court to appoint a successor trustee. They suggested that Mr. Munro would be a suitable trustee. The Myers, however, failed to explain that the sheriff of Clay County had also refused to act without a court order. The court appointed Mr. Munro.

The Ayers then filed this quiet title action asking the trial court to determine that the foreclosure sale and trustee's deed conveying title to the Myers was void because the appointment of Mr. Munro was not in strict compliance with the deed of trust. The Myers presented the sworn affidavit of Thomas Munro as part of their motion for summary judgment. In the affidavit, Mr. Munro stated that the sheriff of Clay County had refused to act as successor trustee under the deed of trust without a court order. The trial court concluded that the appointment of the successor trustee was valid pursuant to sections 443.330 and 443.340, RSMo 1994. The evidence before the trial court of the refusal of both Mr. Collins and the sheriff of Clay County to act as trustee under the deed of trust supports its judgment.

█ The Ayers also claim that the order appointing Mr. Munro successor trustee was invalid because it was not based on a properly verified affidavit. They contend that Mr. Munro had a disqualifying interest in the transaction, therefore, his notarization of the Myers' affidavit was not legal. Generally, employment as an attorney in a matter does not give a notary any interest which will invalidate an official act done by him. *Commercial Credit Corp. v. Blau*, 393 S.W.2d 558, 565 (Mo.1965). Mr. Munro did not have a disqualifying interest by virtue of his appointment as successor trustee. The affidavit relied on by the appointing court, therefore, was properly verified. Point one is denied.

### III. Denial of Motion for Summary Judgment

█ As their second point on appeal, the Ayers claims that the trial court erred in denying their motion for partial summary judgment based on the invalid appointment of the successor trustee. A denial of a motion for summary judgment, however, is not

subject to appellate review. *Hammer v. Waterhouse,* 895 S.W.2d 95, 99 (Mo.App.1995). The second point is, therefore, denied.

The judgment of the trial court quieting title in Kenneth Myers and Loberta Myers is affirmed.

All concur.