COMMERCE TRUST COMPANY, Appellant, v. SAM W. ELLIS et al.

**Division One, June 2, 1914.**

1. **DEED OF TRUST:** Misdescription in Notice of Sale: Corrected on Appeal. Where there was no claim made in the petition for relief on the ground of a misdescription in the trustee's notice of sale of a certain eighty acres, and on appeal the respondent produces the original newspaper notice which shows no misdescription, the judgment, refusing to set aside the sale, will not be reversed simply because such tract is misdescribed in the bill of exceptions.

2. ————: Non-resident Trustee. A deed of trust which names a non-resident as trustee is not invalid if it also recites that in case of his "disability in any wise" to act the sheriff shall proceed to sell. In such case the sheriff, upon proper request, is empowered to sell.

3. ————: Notice of Sale: Book and Page of Record Omitted. The trustee's sale under a deed of trust is not invalid for the simple reason that his published notice of the sale failed to recite the book and page in the recorder's office containing the deed of trust. Although the law requires the notice to contain a statement of the book and page where the deed of trust was recorded, an omission in that respect is not calculated to mislead the grantor and will be disregarded in the absence of anything to show it caused any loss or injury to the parties or prevented bidding.

Appeal from Benton Circuit Court.—*Hon. C. A. Calvird*, Judge.

AFFIRMED.

*T. C. Owen, H. H. McCluer* and *T. A. Witten* for appellant.

(1) A. C. Mitchell, trustee named in the deed of trust in question, being a non-resident of the State at the time he was named as trustee, and continuing to be such up to and including the time of advertisement and sale, was incompetent to become such trus-

tee by virtue of the provisions of Sec. 2859, R. S. 1909, and there having been no trustee in the first instance, the contingency upon which the sheriff could become substituted trustee, provided in the deed of trust, never could or did arise. Kelsy v. Bank, 166 Mo. 171; Pallinam v. Reverly, 186 Mo. 622; Guinn v. Pickett, 42 Miss. 77; Hill on Trustees, 251; Stillings v. Thomas, 55 Ark. 326; Trust Co. v. Fisher, 106 Ill. 189; Guyon v. Pickett, 42 Miss. 77; Ready v. Hamm, 46 Miss. 422; McNeel v. Lee, 79 Miss. 455; Clark v. Nielson, 53 Miss. 119; Beemis v. Williams, 74 S. W. (Tex.) 332. (2) The manner in which real estate may be alienated is a proper subject of statutory regulation by the State. Emmons v. Gordon, 140 Mo. 500; Kerr v. Moon, 9 Wheat. 565; Bennett v. Harms, 51 Wis. 260; Buffington v. Grosvenor, 46 Kan. 732; Conner v. Elliott, 18 Howard 593. (3) The provision that a non-resident trustee can act only when associated with a domestic corporation or citizen of this State as co-trustee, is not a discrimination against a non-resident, but is a legitimate regulation of the manner of conveying real estate, and is not in conflict with Sec. 2, art. 4, U. S. Constitution. Duryea v. Muse, 117 Wis. 406; Van Buskirk v. Fire Ins. Co., 14 Conn. 590; Bennett v. Harms, 51 Wis. 258; Broadwell v. State, 83 U. S. 130; Buffington v. Grosvenor, 46 Kan. 732; Blake v. McClung, 172 U. S. 256. (4) A trustee in a deed of trust can be substituted only in the manner provided in the contract where it does provide the manner, and any other substitution is void, and a sale by a trustee improperly substituted is void. 28 Am. & Eng. Ency. Law, 770; Pallinam v. Reverly, 186 Mo. 622; Hill on Trustees, 251; Stillings v. Thomas, 55 Ark. 326; Trust Co. v. Fisher, 106 Ill. 189; Guyon v. Pickett, 42 Miss. 77; Ready v. Hann, 46 Miss. 422; McNeel v. Lee, 79 Miss. 455; Clark v. Neilson, 53 Miss. 119; Beemis v. Williams, 74 S. W. (Tex.) 332; Arnett v. Williams, 226 Mo. 109; Feller v. Lee,

124 S. W. (Mo.) 1129.    (5)    Where a notice of sale under a trust deed fails to correctly describe property to be sold, and also fails to state the book and page of the record where the deed of trust is recorded, the sale is invalid.    Baker v. Cunningham, 162 Mo. 134; Morgan v. Jay, 121 Mo. 684; Colgan v. McNamara, 16 R. I. 554; Hoffman v. Amory, 6 R. I. 282.

*W. S. Jackson* and *Henry P. Lay* for respondents.

(1)    Sec. 2859, R. S. 1909 (Laws 1895, p. 231), is void because in conflict with the provisions of the U. S. Constitution.    U. S. Constitution, art. 4, sec. 2; 14th Amendment, sec. 1; Farmers L. & T. Co v. Railway, 27 Fed. 146; Shirk v. La Fayette, 52 Fed. 857; Roby v. Smith, 131 Ind. 342.    (2)    Omissions or inaccuracies in the notice of a trustee's sale, not calculated to mislead or to work injury are to be disregarded. Noland v. Bank, 129 Mo. 61; Baker v. Cunningham, 162 Mo. 143; Powers v. Kueckhoff, 41 Mo. 430; Ohusorg v. Turner, 13 Mo. App. 533, 87 Mo. 127; Newman v. Jackson, 12 Wheat. 570; 28 Am. & Eng. Ency. Law (2 Ed.), 791.

## STATEMENT.

Plaintiff, as receiver and successor in title to A. M. and C. E. Howard to 1206.79 acres of land in Benton county, Missouri, brought this action to set aside the sale of the land to defendants made by the sheriff of Benton county under a deed of trust thereon prior to the title of plaintiffs.

The petition attacks the deed of trust and the sale thereunder for the following reasons:    (1)    That the conveyance in trust was made to a non-resident of this State, though with a further provision "in case of his disability in anywise" that the sheriff of the county might make sale upon proper request.    (2)    That

the notice of sale published by the sheriff omitted to give the book and page of the record of the trust deed.

The petition also alleges a fraudulent purchase by the defendant on the foreclosure of the trust deed on the second of May, 1910. No evidence was given in support of this allegation on the trial. The answer of the sheriff admitted that under the powers given to him under the trust deed and after declination of the non-resident trustee to act and upon request, he sold the land as prescribed by law to defendants for three thousand dollars and made a deed to them.

The defendants answered averring the validity of the trust deed under which they purchased, and its legal enforcement, in that the sheriff acted only on due request and after the refusal of the non-resident trustee to act; and in that the omission in his publication of notice of sale of the book and page of the record of the trust deed, was immaterial to the rights of the parties.

In addition to these allegations an agreed statement of facts embracing the admissions contained in them, was filed, and after taking evidence as to the value of the land which tended to prove that it had a market value of six thousand dollars, the case was submitted to the trial court who rendered a decree dismissing the petition and plaintiff duly appealed, assigning error in that respect.

## OPINION.

### I.

BOND, J. (After stating the facts as above.)— It is suggested in the brief for appellant that the notice of sale given by the sheriff did not correctly describe eighty acres of the land conveyed in the trust deed. This would seem to appear from an examination of the transcript of the bill of exceptions, but the respondent

258 Mo.—45

has produced in this court the agreed statement of facts in its original form which contains a printed slip of the publication made by the sheriff and that shows on its face that there was *no* error in the description referring to the eighty acres of land in question, but they were correctly described according to the description in the trust deed. Evidently the error in the bill of exceptions resulted solely from negligence in copying therein the contents of the agreed statement of facts. Such a misprision cannot affect the rights of the parties on this appeal. Nor would it justify us in remanding this case for a reason which does not in fact exist. Moreover, there was no claim made in the petition for any relief on the ground of misdescription in the notice of sale of the property contained in the trust deed.

## II.

It is insisted for appellant that the foreclosure of the deed of trust was a nullity for the reason that the instrument was void perforce the terms of the following statute:

"Sec. 2859. No foreign corporation or individual shall act as trustee in any deed of trust or other conveyance hereafter made by any person, firm or corporation, whereby any property real or personal, situate or being in this State, is hereafter conveyed in trust for any purpose whatever, unless in such conveyance there shall be named as co-trustee a corporation organized under the laws of this State, and having the power to act as trustee and execute trusts, or an individual citizen of the State of Missouri. No suit shall be brought to foreclose any such deed of trust, unless a resident trustee shall be a party plaintiff." [R. S. 1909, sec. 2859.]

Waiving the suggestion of respondent that the act in question is unconstitutional (Roby, Trustee,

v. Smith, 131 Ind. 342; Shirk v. City of La Fayette, 52 Fed. 857), and presuming, as is our duty in the first instance, it to be a valid act (State v. Cantwell, 179 Mo. 245; State v. Distilling Co., 236 Mo. 219), as is also urged by appellant (Emmons v. Gordon, 140 Mo. l. c. 500; In re Mulford, 217 Ill. 242; Duryea v. Muse, 117 Wis. l. c. 406), we see nothing in the terms or provisions of the above act which necessarily defeated the conveyance made in the trust deed or prevented its foreclosure, as that took place.

The only objection made to the otherwise regular and formal deed of trust is that the grantee named as trustee therein was at the time a non-resident of this State. The statute does not prohibit this in terms, it only provides that no such person shall act as trustee. But even if the construction were admissible that the statute also forbids the naming or appointing of a foreigner as trustee, that would not impair the creation of a trust by the terms of a deed otherwise valid under the laws of this State. For it is an axiom that no trust shall fail for the want of a trustee, and it is always within the power and duty of a competent court on proper application to preserve a trust by the appointment of a person to execute it. But, in the case at bar, the contract of the parties as expressed in the deed of trust under review, did not leave them in the predicament of having failed to provide a trustee to carry out their agreement. The deed of trust conveyed the property to a non-resident (A. C. Mitchell) and after describing the property and providing for a defeasance and in case of nonpayment that the whole debt should become due and payable, it contains the following clause: "And this deed shall remain in force, and the party of the second part [the non-resident] or in case of his absence, death, refusal to act or *disability in anywise*, the sheriff of Benton county, Missouri, acting at the time of such request, at the request of the legal holder of said note shall proceed to sell the property hereinbefore

·described," etc., reciting the statutory requirements of such sale and execution by the sheriff of the deed of trust.

The fair import and natural meaning and intent of these words was to make the sheriff of Benton county, Missouri, under the circumstances stated in the deed of trust, an alternative trustee by the terms of the contract of the parties to the instrument, and in so doing they did not contravene any of the provisions of the above-quoted statute. The incompetency of the non-resident to act as trustee, fell within the meaning and purview of the language of the trust deed which expressly empowered the sheriff to act as trustee in case of the "*disability in anywise*" of the particular person named. Now a statutory prohibition to act is necessarily a disability in somewise and therefore comes within the strict letter and logic of the language used in the contract between the parties.

We conclude, the power of the sheriff to foreclose the deed of trust was full and ample within the terms and stipulations of the instrument, and since the undisputed evidence showed that he only acted after a formal refusal by the first named trustee and upon proper request of the legal holder of the note secured, the validity of his foreclosure is not subject to attack for the error assigned, as to the primary appointment of a foreigner as trustee.

### III.

It is finally urged that the notice of sale published by the sheriff, though in full compliance with the statutes and the terms of the deed in all other respects, failed to recite, as required by law, the book and page in the recorder's office containing the deed of trust. [R. S. 1909, sec. 2843.] It is conceded that the published notice stated the date of the deed of trust, the names of the parties, the objects of the instrument, the prop-

erty to be sold and the time and place of sale; and that its only imperfection was the non-recital of the book and page containing its record.

We cannot perceive, under the agreed statement of facts in this case, how any one could have been misled by this omission. The grantor of plaintiff was fully apprised of the published sale, for the petition states that he placed a sum of money in the hands of his agent with which to buy in the property. Nor do we see how this omission could have misled the general public. Any one interested in the sale, after reading the contents of the published notice thereof, would become at once informed of the nature of the deed, the property to be sold, the debt to be paid, the time when the trust was executed and the day on which it was proposed to be foreclosed. Being possessed of such data, he could at once ascertain the particular book and page wherein the trust deed had been spread of record by simply visiting the recorder's office and making inquiry there or an examination of the books kept for the information of the public.

In an early case in this State it was held by WAGNER, J., in reference to such sales, that "the notice given by trustees should contain such facts as reasonably to apprise the public of the place, time and terms of sale and the property to be sold. But mere omissions and inaccuracies in these respects, not calculated to mislead and working no prejudice, will not be regarded." [Powers v. Kueckhoff, 41 Mo. 430. To the same effect; Ohnsorg v. Turner, 13 Mo. App. 533; same case, 87 Mo. 127; Noland v. Bank, 129 Mo. l. c. 61; Baker v. Cunningham, 162 Mo. l. c. 143.]

We think this is the correct view, and in the absence of anything in the admitted facts to show the neglect to point out the particular book and page whereon the deed of trust was spread of record, caused any loss or injury to the parties or prevented any bid-

ding at the sale which was made according to the agreed statement of the parties, it should not be declared void.

The result is that the judgment is affirmed. All concur.