**In re David W. BURCHE, Debtor.**

**Fred C. Moon, Chapter 7 Trustee, Plaintiff,**

v.

**GMAC Mortgage Corporation, Defendant.**

**Bankruptcy No. 99–60983. Adversary No. 99–6049.**

United States Bankruptcy Court, W.D. Missouri.

March 6, 2000.

---

Raymond I. Plaster, Springfield, MO, for plaintiff.

Steven L. Crouch, Joel B. Laner, Kansas City, MO, for defendant.

### ORDER DENYING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

ARTHUR B. FEDERMAN, Chief Judge.

In accordance with the Memorandum Opinion entered this date, the Chapter 7 trustee's motion for summary judgment is DENIED, and GMAC Mortgage Corporation's motion for summary judgment is GRANTED. The Clerk of Court is, therefore, ORDERED to enter summary judgment in favor of GMAC Mortgage Corporation, each party to bear its own costs.

GMAC has a valid, perfected lien as to real property legally described as:

ALL OF LOTS 13 AND 13 IN BLOCK 1 IN ROLLING HILLS ADDITION OF VENICE ON THE LAKE SUBDIVISION AS PER RECORDED PLAT THEREOF IN TANEY COUNTY, MISSOURI.

This Court lifted the automatic stay as to this real property on September 9, 1999, by Agreed Order. GMAC may, therefore, exercise its state law rights to begin to foreclose its lien. Deed of Trust (DOT) as to real property. The DOT fails to identify or name a trustee. Missouri law provides that no recorder of deeds shall accept for record a security instrument unless either the identity of the mortgagee or the cestui que trust is ascertainable from the face of the security instrument, as well as the mailing address of same. The Deed was accepted and recorded. Does the failure to identify the trustee in a DOT affect the validity or priority of the lien?

### DECISION

Pursuant to the Revised Statutes of Missouri, the acceptance of the DOT by the recorder of deeds afforded constructive notice of the existence and perfection of the lien. The DOT provided that the Lender could, at its option, remove the trustee and appoint a successor trustee. The failure, therefore, to initially name a trustee does not mean that Burche did not grant GMAC a security interest in the real property. And GMAC perfected that security interest by recording the DOT with the recorder of deeds. Thus, the valid and perfected lien is not subject to the trustee's avoidance powers.

### FACTUAL BACKGROUND

On December 18, 1997, Burche, in consideration of a loan in the amount of $66,800, executed a Promissory Note to Sterling Mortgage Group, L.L.C. (Sterling). Burche also signed a DOT that granted Sterling a security interest in real property legally described as:

ALL OF LOTS 13 AND 13 IN BLOCK 1 IN ROLLING HILLS ADDITION OF VENICE ON THE LAKE SUBDIVISION AS PER RECORDED PLAT THEREOF IN TANEY COUNTY, MISSOURI (The Property).[1]

On December 23, 1997, the Taney County Recorder of Deeds recorded the DOT in Book 348, Page 6544–6551.[2] Sterling then assigned the Note and DOT to Resource Bancshares Mortgage Group, Inc., which assigned the Note and DOT to GMAC. It is undisputed that the DOT named Burche as the borrower and Sterling as the beneficiary, but it failed to name a trustee. On June 7, 1999, Burche filed this Chapter 7 bankruptcy petition. He expressed his intention to surrender the Property at the time he filed the bankruptcy case,[3] and on September 9, 1999, this Court entered an Order granting relief from the automatic stay to GMAC (the Agreed Order).[4] The Agreed Order, however, provided that GMAC could foreclose the lien of its DOT as to the Property, but it could not enforce its lien until the Trustee either abandoned his interest in the Property or sought to avoid GMAC's lien.[5] On September 16, 1999, an individual named Tracey Shipley, an escrow closing officer for Evans Title Company in Forsyth, Taney County, Missouri, and the Notary Public who notarized the DOT on December 18, 1997, filed a Scrivner's [sic] Error Affidavit (the Affidavit).[6] The Affidavit sought to identify Gail Fredrick as the trustee in the DOT.[7] On September 27, 1999, the Trustee filed this adversary proceeding pursuant to section 544 of the Bankruptcy Code (the Code).

The Trustee and counsel for GMAC agree that there is no factual dispute and that this matter is ripe for summary judgment.

In his motion for summary judgment the Trustee argues that the failure to name a trustee necessitates reformation of the DOT. However, after the bankruptcy petition is filed, the DOT cannot be reformed because the bankruptcy trustee assumes the position of a hypothetical bona fide purchaser. Since the failure to name a trustee in the DOT means that the lender could not have conducted a foreclosure at the time the case was filed, the Chapter 7 Trustee contends that the DOT is unenforceable.

In its motion for summary judgment, and the legal memorandum in support thereof, GMAC argues that the absence of a trustee does not invalidate a DOT, and the valid DOT was perfected according to Missouri law.

### DISCUSSION

Rule 7056 of the Federal Rules of Bankruptcy Procedure provides that Rule 56 of the Federal Rules of Civil Procedure applies when one or both parties moves for summary judgment in an adversary proceeding in this Court.[8] Rule 56 states that "the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that [one] moving party is entitled to a judgment as a matter of law." [9]

---

1. Doc. # 12 (Joint Stipulation of Facts Related to Cross–Motions for Summary Judgment), Ex. A.

2. Doc. # 1 (Complaint to Determine Lien Priority in Real Property) (Form 1, Item 1:623 Mach Lane), Ex. 2.

3. Case No. 99–60983, Doc. # 1 (Chapter 7 Individual Debtor's Statement of Intention).

4. *Id.* at Doc. # 7 (Agreed Order Granting Relief from Automatic Stay).

5. *Id.*

6. Doc. # 12, Ex. B.

7. *Id.*

8. Fed.R.Bankr.P. 7056.

9. Fed.R.Civ.P. 56(c); *Beverly Hills Foodland, Inc. v. United Food and Commercial Workers Union, Local 655,* 39 F.3d 191, 194 (8th Cir. 1994).

■ Both the trustee and GMAC agree that a trust created by a DOT does not fail for want of a trustee.[10] I will, therefore, deal with the issue about which there is dispute. The trustee claims that the failure to name a trustee caused the DOT to be defective; that the defect can only be corrected by reformation; that post-petition reformation of the Deed would be a violation of the automatic stay; that a reformed DOT is not enforceable as against a bona fide purchaser; and that the Chapter 7 trustee has the same rights as a bona fide purchaser. Thus, according to the Chapter 7 trustee, his claim as a bona fide purchaser has priority over GMAC's lien, and GMAC's lien can be avoided.

GMAC, on the other hand, claims that, if the failure to name a trustee does not invalidate the lien, its lien was perfected when the DOT was recorded. Moreover, since the valid Deed gives GMAC an unlimited right to substitute the trustee, any effort on its part to name a trustee postpetition cannot be a violation of the automatic stay.

■ I begin with the reason for naming a trustee in a DOT. Missouri is a mortgage state.[11] In a mortgage state, the debtor, or mortgagor, is the owner of the real estate, and title resides with the owner. The creditor, or mortgagee, holds only a security interest in the real estate, and the right to foreclose and gain possession of the real estate in the event of default. A mortgage is "a pledge of property (especially real property) to a creditor as security for the performance of an obligation (especially a debt involving the property), the pledge being extinguished once the obligation is satisfied."[12] A mortgage is also a deed or contract that specifies, in writing, the terms of the pledge.[13] A deed is, therefore, a written instrument by which land is conveyed, and a DOT is a deed that conveys title to the real property to a trustee, to hold in trust, as security until the mortgagor repays the loan.[14] While not synonymous with the term mortgage, the terms are often used interchangeably. In theory, a trustee is one who holds legal title to the property for the benefit of another.[15] In practice, the trustee sells the real estate, at the request of the mortgagee, if the mortgagor defaults on his obligation. In mortgage states, the mortgagee can obtain possession of real property in the event of default by the use of either judicial or nonjudicial foreclosure.[16] In judicial foreclosure, the mortgagee files a petition or complaint for foreclosure with the court. The mortgagor then has 30 days to respond. If no response is filed, the mortgagee can ask for summary judgment as long as it can prove the mortgagor is in default. If summary judgment is granted, the court or the

---

10. Doc. # 14 (Trustee's Suggestions in Support of Motion for Summary Judgment) (citing *Commerce Trust v. Ellis,* 258 Mo. 702, 167 S.W. 974, 976 (1914)); Doc. # 16 (Legal Memorandum in Support of GMAC Mortgage Corporation's Motion for Summary Judgment) (quoting *Commerce Trust v. Ellis,* 258 Mo. 702, 167 S.W. 974, 976 (1914)):

But, even if the construction were admissible that the statute also forbids the naming or appointing of a foreigner as trustee, that would not impair the creation of a trust by the terms of a deed otherwise valid under the laws of this state. For it is an axiom that no trust shall fail for the want of a trustee, and it is always within the power and duty of a competent court on proper application to preserve a trust by appointment of a person to execute it.

11. *See generally,* Chapter 443 of Missouri's Revised Statutes (1986 and Supp.2000).

12. **Black's Law Dictionary** 423 (Bryan A. Garner, ed.1996).

13. *Id.* at 172.

14. *Id.*

15. *Id.* at 639.

16. John C. Murray, **Real Estate Law and Practice Course Handbook Series,** *Commercial Real Estate Financing: What Borrowers and Lenders Need to Know Now,* 442 PLI/Real 893 (1999).

lender sets a date for a sheriff's sale.[17] This is a time consuming and costly process for lenders.

An alternative to judicial foreclosure is nonjudicial foreclosure. In nonjudicial foreclosure the sale is held promptly after the trustee complies with the statutory requirements for notice and publication.[18] As a result, the time a lender must wait to collect a debt is significantly reduced, and "borrowers find credit easier to obtain where lenders are assured of a quick and efficient means of foreclosure upon default."[19] Nonjudicial foreclosure, however, is only available if both the mortgagor and mortgagee agree at the inception of the mortgage, by executing a DOT, that the trustee can sell the property in the event of default.[20] Missouri allows both judicial and nonjudicial foreclosures,[21] and the remedies are not mutually exclusive. Thus, at all times, GMAC had available, in the event of default, two remedies. It could nonjudicially foreclose by asking the trustee to notice and publicize a sale, or it could file a petition in state court and obtain a judgment of foreclosure. As a result, GMAC was not solely dependent upon the trustee to exercise its rights against either the debtor in this case, or the Chapter 7 trustee after the bankruptcy petition was filed, as long as its security interest in the Property was perfected.

As between the mortgagor and mortgagee, the deed or mortgage alone serves as evidence of the obligation. The deed or mortgage, however, must be recorded with the recorder of deeds in the county where the real estate is situated, in order to give constructive notice to any and all third parties that an obligation between the mortgagor and mortgagee exists, and, thus, what priority is afforded that obligation.[22] Under Missouri law, a third party has constructive notice of the obligation if the deed is accepted for recording by the recorder of deeds, and if, from the face of the deed, a third party can determine the actual identity of the mortgagee, trustee, or assignee:

> 3. No recorder of deeds in this state shall accept for record any security instrument of assignment thereof in which the mortgagee, cestui que trust or assignee is named as bearer or the actual identity of the mortgagee, cestui que trust or assignee is otherwise not ascertainable from the face of the security instrument or assignment.[23]

The purpose of this statute is to insure that a new lender has someone to contact for information about the status of the existing mortgage. Sterling Mortgage Group LLC, is identified as the lender on the DOT. The DOT also identifies the loan number, 049593, and the amount of the loan, $66,800.00. On December 27, 1997, the recorder of deeds, therefore, accepted the DOT for recording.[24] Missouri law also provides that "security instruments and assignments thereof presented for record shall contain the mailing address of the mortgagee, cestui que trust or assignee, except, that the omission thereof shall not affect the validity of any security instrument or assignment, or the constructive notice imparted by the record there-

---

17. *Id.* at 898.

18. *Id.*

19. *Reese v. First Mo. Bank & Trust Co.*, 736 S.W.2d 371, 373 (Mo.1987) (en banc).

20. *Ayers v. Myers*, 939 S.W.2d 447, 449 (Mo. Ct.App.1996) (holding that the exercise of the power of sale contained in a DOT is a matter of contract between the mortgagor and the mortgagee).

21. Baxter Dunaway, **The Law of Distressed Real Estate: Foreclosure, Workouts, Procedures**, § 11.04 and App. 14A (1997–1999). *See also* Mo.Stat.Ann. §§ 443.005 through 443.290 (1986).

22. Mo.Stat.Ann. § 443.035 (Supp.2000).

23. *Id.* at ¶ 3.

24. Doc. # 12, Ex. A.

of."[25] This Missouri statute is in the disjunctive, therefore, the recorder of deeds is authorized to accept for recording any deed that identifies by name and address either the mortgagee, the trustee, or the assignee. The DOT at issue here identifies by name and address the mortgagee, and the recorder of deeds accepted it. As a result, I find that, as of December 27, 1997, the lien was recorded.

Indeed, the Deed provided that the mortgagee had the authority to remove the trustee and appoint a successor trustee at any time:

> 23. Substitute Trustee. Lender, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder by an instrument recorded in the county in which this Security Instrument is recorded. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.[26]

This authority allows GMAC to appoint a trustee prior to initiating a nonjudicial foreclosure sale. Since both the mortgagor and the mortgagee voluntarily agreed to the power of sale vested in the trustee by the DOT, the provision for the appointment of a successor trustee must be strictly construed.[27] Failure to comply with the terms of the power of sale provision voids the sale.[28] But voiding a hypothetical nonjudicial foreclosure sale does not eliminate the mortgage. The debt still exists, the lien is still valid, the priority of the lien remains the same, and the mortgagee still has the remedy of judicial foreclosure available to it. If the filing of the bankruptcy petition does not affect the validity of the lien for want of a trustee, it cannot

affect the priority of that lien, if it was recorded.

■ The Chapter 7 trustee relies on *Barclays American/Mortgage Corporation v. Wilkinson (In re Wilkinson),*[29] for the proposition that a DOT that fails to name a trustee is defective and must be reformed. The Court in *Wilkinson,* however, found that there was a defect in the mortgage in that it failed to properly name both grantors as tenants by the entirety, and only the husband signed the DOT.[30] The failure to name both grantors of a security interest causes the security interest to fail.[31] That is not the case here. Under Missouri law a DOT is not invalid if it fails to name a trustee, especially if the mortgagee reserves the right to name a successor trustee.[32]

I will, therefore, find, as a matter of law, that GMAC had a validly perfected lien against the Property on the date the bankruptcy petition was filed, and that it is entitled to summary judgment in this adversary proceeding.

■ The Chapter 7 trustee also claims that the attempt to name a trustee post-petition was taken in violation of the automatic stay, therefore such action is void. GMAC argues that such an action is not an attempt to create, perfect, or enforce a lien against the property. Nor does such action constitute an effort to obtain possession or sale of the Property. I agree. Section 362 of the Code provides that the filing of a bankruptcy petition stays any efforts to obtain possession of property of the estate or to create, perfect, or enforce a lien against property of the estate:

> (a) Except as provided in subsection (b) of this section, a petition filed under

25. Mo.Stat.Ann. § 443.035.

26. Doc. # 1, Ex. 2.

27. *Ayers v. Myers,* 939 S.W.2d 447, 449 (Mo. Ct.App.1996).

28. *Id.*

29. 186 B.R. 186 (Bankr.D.Md.1995).

30. *Id.* at 190.

31. *Id.*

32. *Commerce Trust v. Ellis,* 258 Mo. 702, 167 S.W. 974, 976 (1914).

section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities of—

.    .    .    .    .

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate.[33]

I have already found the lien was created and perfected in 1997. The appointment of a trustee as provided for in a valid DOT is not an effort to enforce a lien. GMAC had not begun to nonjudicially foreclosure against the Property before this case was filed. And on July 15, 1999, GMAC did file a motion for relief from the automatic stay with this Court before beginning any efforts to enforce its lien.[34] On September 9, 1999, this Court entered an Agreed Order Granting Relief from Automatic Stay.[35] The Agreed Order provided that the stay would be lifted to allow GMAC to enforce its lien when and if the Chapter 7 trustee abandoned its interest in the Property.[36] The Agreed Order also recognized GMAC's right to foreclose its lien "by exercise of the power of sale by the Trustee named in the DOT or by his duly appointed Successor Trustee, if one is appointed by [GMAC]."[37] After the Agreed Order was entered, on September 16, 1999, Ms. Shipley filed the Scrivener's Error Affidavit naming Gail Fredrick as the trustee. Thus, even if naming a trustee could be construed to be a violation of the automatic stay, GMAC had obtained relief from the stay by the time this action was taken. I, therefore, find that there was no violation of the automatic stay, that GMAC had the authority to name a trustee, that GMAC exercised that authority, and that one Gail Fredrick is the designated trustee. I fur-

ther find that GMAC can now begin to nonjudicially foreclose the DOT pursuant to Missouri law.

An Order in accordance with this Memorandum Opinion will be entered this date.

---

**33.** 11 U.S.C. § 363(a)(3) and (4).

**34.** Case No. 99–60983, Doc. # 3.

